**SUMMONS ISSUED**

**CV 12 5597**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MORDECHAI PALACE
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

-against-

MRS BPO, L.L.C.

                      Defendant.

---

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 1 3 2012 ★

LONG ISLAND OFFICE

MAUSKOPF, J.

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Mordechai Palace seeks redress for the illegal practices of MRS BPO, L.L.C. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Cherry Hill, New Jersey.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Mordechai Palace*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12. On or about September 20, 2012, a representative of MRS BPO, L.L.C. called and left a message with a third party.

13. The representative asked the third party to give the Plaintiff a message that he call back MRS BPO, L.L.C. at 888-491-5170 ext. 2264, regarding a business matter. While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). (It is well

settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).), Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste.**

**Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added), See Krapf v. Collectors Training Institute of Illinois, Inc, (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).), Romano v. Williams & Fudge, Inc., (644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).), Thomas v. Consumer Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.), Blair v. Sherman

-4-

Acquisition, (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).), Mathis v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.) (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist. Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).) In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This

conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the 15 U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc.,

-7-

998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt collector may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate 15 U.S.C. § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions

to return the call were given, and the purpose of the message was to induce the debtor to return the call.) Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the

name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

14. Said message was in violation of 15 U.S.C. §§ 1692c(b) and 1692d for leaving a message with a third party.

15. On many occasions within the past year, representatives from MRS BPO, L.L.C. left numerous voice messages for the Plaintiff which was heard by respective third parties. Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th Circuit 2009, (Explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages), Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist. Court, SD New York 2006). (Found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11), or by leaving too much information for a possible third party in violation of 15 U.S.C. § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters), Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010.) (Defendant's motion to dismiss denied. "This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b)."), Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008). (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as

prior consent directly to the debt collector...we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal mail, in person contact, and speaking directly by telephone.), FTC v. Check Enforcement., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005.) (Leaving messages on the debtor's home answering machines, heard by third parties, was a violation of 15 U.S.C. § 1692c(b)) Defendants left messages on home answering machines, which were overheard by family members and other third parties, Thus, Defendants have in fact engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.), ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC., (Dist. Court, Minnesota 2011). (The court found an FDCPA violation where a pre-recorded message containing debt information was left on a debtor's voicemail and overheard by the debtor's family members and neighbors. Because the FDCPA is a strict liability statute that explicitly includes an intent element when required, a Plaintiff need not plead deliberate or purposeful disclosure to third parties to state a claim under § 1692c(b).), Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota 2011, (-Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on her home voicemail that were overheard by others. The Court granted her motion. Reaffirming the *Zortman* decision - Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including 15 U.S.C. § 1692c(b),

is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability."). In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium. Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held liable.), Gryzbowski v. IC System, Inc., (691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010.) (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.), Carman v. CBE GROUP, INC., Dist. Court, D. Kansas 2011. (Under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.), Chalik v. Westport Recovery Corp., (677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009.) (FDCPA did not guarantee debt collector right to leave answering machine messages.), Mark v. JC CHRISTENSEN & ASSOCIATES, INC., Dist. Court, Minnesota 2009. (The Court has no authority to carve an exception out of the statute just so [the Defendant] may use the technology they have deemed most efficient… [The Defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there.)

16. The said telephone messages are in violation of the Fair Debt Collection Practices Act,

-13-

15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

17. On or about June 8, 2012 a representative of MRS BPO, L.L.C. called and left a message for the Plaintiff.

18. The caller failed to identify himself as a debt collector attempting to collect a debt, nor did he disclose the legal name of the company calling.

19. Upon information and belief, the said message was pre-scripted.

20. The said telephone message is in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

21. The Defendant, a foreign LLC, filed an application for authority to do business in New York with the New York Department of State on a date better known to the Defendant. The Dept. of corporations in New York confirmed that as of July 2, 2012, MRS BPO, L.L.C. has not filed any affidavits or certificate of publication which leads them to be suspended from doing business in New York.

22. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their application for authority.

23. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any certificate of publication and/or failed to file any sort of proof or affidavit of publication, as required.

24. Pursuant to the New York Limited Liability Company Law, failure to file the certificate of publication results in suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings in New York State during the period of

noncompliance.

25. At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

26. During the period of noncompliance, Defendant was prohibited from conducting business in New York State.

27. At the time of the mailing of the collection letters, Defendant's authority to do business had been suspended.

28. The least sophisticated consumer is unlikely to search and/or to have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

29. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f.

30. Section 1692e provides: § 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt § 1692f.

Unfair Practices: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

31. Defendant violated the above provisions of the statute because they had no right to collect this debt.

32. Defendant's activities in collecting this debt were deceptive, misleading, and/or false.

33. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

34. Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and/or that Defendant had no right to collect any money or to sue in New York.

35. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

36. The conduct of Defendant in collecting and attempting to collect monies owed, when it was not allowed to, pursuant to the New York Limited Liability Law, constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

37. Such actions caused consumers to suffer financial injuries of having increased debt and having money extracted from them.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

38. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (37) as if set forth fully in this cause of action.

39. This cause of action is brought on behalf of Plaintiff and the members of four classes.

40. Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt, by leaving a message with a third party directing the consumer to call the Defendant; and (b) the Plaintiff asserts that the telephone message was in violation 15 U.S.C. §§ 1692c(b) and 1692d.

41. Class B consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the telephone messages were overheard by an unauthorized third parties and that the telephone messages were in violation of 15 U.S.C. § 1692c(b).

42. Class C consists of all persons whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (a) involving a telephone message which was placed without setting forth that the communication was from a debt collector; and (b) for not disclosing the Defendant's legal name; and (c) that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

43. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in

-17-

substantially the same form as the letter sent to the Plaintiff sent within one year prior to the date of the within complaint (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) the collection letter was not returned by the postal service as undelivered (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f, for doing business when its authority to do so in New York had been suspended.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form collection letters and form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members'

interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 8, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)